UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| The United States of America,<br><br>       Plaintiff,<br><br>v.<br><br>The State of Utah; and Gary R. Herbert, Governor of the State of Utah, in his official capacity,<br><br>       Defendants. | **ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Case No. 2:13-CV-00332-DN<br><br>District Judge David Nuffer |

      This matter comes before the Court on the United States' motion for a preliminary injunction, in which the United States asks the Court to enjoin the enforcement of Sections 53-13-106.5(2), 53-13-106.5(4), 53-13-106.5(6), and 76-8-512(4) of the Utah Code. The Court has received briefing from the parties and an *amici curiae* memorandum from the Utah Association of Counties and the Utah Sheriffs Association, and the Court heard oral argument on June 28, 2013. At that time, the Court entered findings from the bench. The Court now enters the following written order:

      1.     The United States is likely to succeed on the merits of its claim that Sections 53-13-106.5(2), 53-13-106.5(4), 53-13-106.5(6), and 76-8-512(4) (collectively referred to as "the challenged provisions") are invalid under the Supremacy Clause of the United States Constitution.

          a.     By virtue of the Property Clause of the United States Constitution, and by virtue of federal statutes which authorize the Secretaries of the Interior and Agriculture to adopt regulations, *see, e.g.*, 16 U.S.C. §§ 1, 551; 43 U.S.C. § 1733(a), the agencies may adopt

regulations that assimilate state and/or local law, and that federal agents are authorized to enforce those federal regulations or federal laws which incorporate state law standards.

    b.  The challenged provisions, on their face, purport to limit the circumstances in which the federal government may exercise law enforcement authority, and to restrain, constrain, or direct the discretion of the Secretary of the Interior and the Secretary Agriculture.

    c.  The United States is likely to succeed on the merits of its claim that the challenged provisions violate the doctrine of intergovernmental immunity, as the challenged provisions purport to restrain, inhibit, regulate, retard, impede, or burden the activities of duly-empowered federal agencies, agency heads, federal officers, and employees, as well as the necessary and proper management of federal lands. *See McCulloch v. Maryland*, 17 U.S. (4 Wheat) 316, 317 (1819).

    d.  The United States is also likely to succeed on the merits of its claim that the challenged provisions are preempted by federal law, as the challenged provisions would "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *See Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012).

  2.  Irreparable harm is likely to result to the United States absent preliminary relief.  As demonstrated by the United States in its motion and in the unrebutted affidavits submitted in support thereof, the enforcement of the challenged provisions will immediately and irreparably harm the United States in six distinct ways:

    a. The enforcement of the challenged provisions would harm the constitutional order by violating the Constitution's structural reservation of authority to the federal government.

    b. The enforcement of the challenged provisions would subject certain federal officers to an imminent risk that they will be criminally charged or arrested for performing their law enforcement duties.

    c. The enforcement of the challenged provisions would undermine the federal government's management of federal lands by denying or purporting to deny authority to protect those lands.

    d. The enforcement of the challenged provisions would purport to deny federal agencies the ability to enforce particular regulations that are necessary for the protection of persons, property, and natural resources located on public land.

    e. The enforcement of the challenged provisions would create – and already has created – public confusion regarding the authority of Department of the Interior and the Department of Agriculture officers to perform their duties, which could result in threats to the safety of the officers or other members of the public.

    f. The enforcement of the challenged provisions would harm the cooperative relationship between federal and local law enforcement officials.

  3. The balance of hardships weighs considerably in favor of a preliminary injunction, and a preliminary injunction will advance the public interest. There is a strong public interest in the enforcement of laws on federal lands, and the interests of the United States in protecting the lands of its citizens and the safety of those who use those lands are substantial. On the other hand, a preliminary injunction will not meaningfully burden Defendants.

4. For these reasons, and the reasons stated by the Court at the hearing on June 28, 2013, the Court finds that the United States has demonstrated that a preliminary injunction is appropriate with respect to Sections 53-13-106.5(2), 53-13-106.5(4), 53-13-106.5(6), and 76-8-512(4) of the Utah Code.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff United States' motion for a preliminary injunction is GRANTED.

2. Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are HEREBY ENJOINED AND RESTRAINED from giving any effect to or otherwise taking action to enforce Sections 53-13-106.5 and 76-8-512(4).

3. The parties are required to submit briefing on the issue of severability in accordance with the schedule entered by the Court, and this order may be modified as appropriate following the conclusion of such briefing.

4. The temporary restraining order entered by the Court on May 13, 2013, *see* Dkt. #9, is hereby lifted.

5. This order shall become effective immediately, and shall continue in effect until this Court enters a final judgment in this action or otherwise lifts the preliminary injunction.

Dated July 19, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge